**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

ATC SEQUOIA, LLC                                                                                                PLAINTIFF

VS.                                                                      CIVIL ACTION NO.: 3:15-CV-144-DMB-JMV

CONSTRUCTION ENTERPRISES, INC.                                                                    DEFENDANT

**ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal for lack of federal jurisdiction as explained hereafter.[1]  Dismissal may be avoided by the filing of a statement of jurisdiction within 48 hours of entry of this order, asserting an appropriate basis for federal court jurisdiction.

The Complaint [1] in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties.  "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties."  *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).  The Complaint states Plaintiff ATC Sequoia, LLC "is a Delaware corporation authorized to do business in Mississippi. . . . Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because . . . [ATC Sequoia, LLC] is a resident of a different state from the Defendant. . . .  The Complaint, however, makes no reference to the citizenship of the LLC members.  For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir.

---

[1] Although Plaintiff has not raised the issue of a failure in this respect, the Court must make an independent inquiry into its jurisdiction.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

2008). Thus, it does not appear on the face of the Complaint that this Court has subject matter jurisdiction. As noted, this defect in the allegations of the Complaint may be corrected by the filing, within 48 hours of entry of this order, of a statement of jurisdiction outlining the appropriate states of citizenship necessary to establish complete diversity.[2]  Failure to do so will result in the Court dismissing this case for lack of subject matter jurisdiction.

      **SO ORDERED** this, the 27th day of August, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980).